Zimmerman, J.,
 

 concurring. This is a close case which has given me difficulty. A persuasive argument can be advanced that on the' date of the injury, to wit, October 29, 1942, plaintiff owed no obligation of service to The Cincinnati Coffin Company and that the relation of employee and employer theretofore existing had become one merely of creditor and debtor.
 

 
 *73
 
 It may also be asserted with some degree of force that when plaintiff went to the boiler room to collect his personal effects, he so far departed from the purpose for .which he 'then had a right to be on the employer’s premises that he was a trespasser at the time and place of his injury.
 

 However, in my opinion, a broader view of the situation should be taken. Although on October 29, 1942, plaintiff’s employment was at an end in the sense that he had ceased to work under a contract of hire, it had not actually terminated until the employer had met its contractual obligation of paying plaintiff his wages. Plaintiff’s excursion to the boiler room in a customary and permitted manner and for a proper purpose, was an incident of no controlling significance.
 

 In a workman’s compensation case, the question of whether an injury sustained occurred in the course of and arose out of the employment is usually one of fact. 42 Ohio Jurisprudence, 764, Section 136. Both the trial court and the Court of Appeals having resolved that issue in plaintiff’s favor upon tenable -grounds, such determination should not be disturbed by this court.